UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WILLIS C. SANDERS,

                        Plaintiff,                      REPORT AND
                                                                               RECOMMENDATION

              -against-                           CV 09-2393 (JFB)(ETB)

LONG ISLAND NEWSDAY, JENNIFER MALONEY,
SOPHIA CHANG, GARDEN CITY POLICE
DEPARTMENT, JAMES BARTKOWSKI, KEVIN M.
MADDEN, RAYMOND COTE, Det. ROTHERMEL,
MICHAEL J. DOYLE, KATHLEEN M. RICE, NASSAU
COUNTY SHERIFF'S DEPARTMENT CORRECTION
OFFICERS (anonymous),

                        Defendants.
------------------------------------------------------------------------X

TO THE HONORABLE JOSEPH F. BIANCO, United States District Judge:

      Before the Court are motions to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), by the following defendants: (1) Raymond Cote and Kathleen M. Rice (the "County Defendants"); and (2) Newsday LLC, incorrectly sued herein as Long Island Newsday, Jennifer Maloney and Sophia Chang (the "Newsday Defendants").[1] Both the County Defendants and the Newsday Defendants assert that the pro se plaintiff's Amended Complaint fails to state a claim upon which relief may be granted. For the following reasons, the undersigned recommends that the Newsday Defendants' motion be granted and that they be dismissed from this action. The undersigned further recommends that the County Defendants' motion be granted as well, but that

---

[1] The remaining defendants, the Garden City Police Department, James Bartkowski, Kevin M. Madden, Detective Rothermel and Michael J. Doyle, have not moved to dismiss this action, instead choosing to file an Answer on November 16, 2009.

plaintiff be afforded leave to amend his complaint a second time with respect to certain claims, discussed infra.

FACTS

The pro se plaintiff, Willis Sanders, who is currently incarcerated, commenced this action on May 15, 2009, alleging violations of his constitutional rights, pursuant to 42 U.S.C. § 1983, and defamation. Plaintiff amended his Complaint on September 29, 2009.

In his Amended Complaint, plaintiff alleges that he was arrested by the Garden City Police Department on June 9, 2008 for a series of grand larcenies that had occurred in the area. (Am. Compl. at 1.) While being questioned at the police station, plaintiff alleges that the individual police officer defendants advised plaintiff that the Nassau County District Attorney's Office wanted him to plead guilty to four grand larcenies. (Am. Compl. at 1.) Plaintiff informed the police that he only committed two larcenies, which was all he would plead to. (Am. Compl. at 1.) Plaintiff further alleges that upon his arrest, the Garden City police officers confiscated his personal possessions, including clothes, jewelry and a briefcase. (Am. Compl. at 4.) Plaintiff also alleges that the Garden City police officers assaulted him during his detainment. (Am. Compl. at 1-2.)

Plaintiff alleges that at some point during his detainment, the Garden City police officers contacted Eric Phillips, an Assistant District Attorney, who "gave them the 'go-ahead'" to speak with Newsday concerning an article detailing plaintiff's alleged crimes. (Am. Compl. at 2.) Newsday then published an article entitled "Serial Thief Suspect Arrested in Garden City

Crimes,"[2] which, in addition to describing the crimes for which plaintiff was arrested in June 2008, also recounted plaintiff's past criminal record and included a statement from ADA Phillips that the District Attorney's Office would "take a hard line on this career criminal." (Am. Compl. at 2-3.) According to plaintiff, as a result of the Newsday article - which plaintiff alleges is defamatory - his "right to remain silent and not be a witness against [him]self" and his right to t a fair trial were impaired. (Am. Compl. at 3.)

Plaintiff pleaded guilty in October 2008 and was sentenced to three to seven years for burglary in the third degree, a Class D felony.[3] See http://nysdocslookup.docs.state.ny.us (last visited May 13, 2010). Plaintiff alleges that at his sentencing, the judge ordered that plaintiff's personal property that had been confiscated by the Garden City police officers be returned. (Am. Compl. at 4.) However, plaintiff was advised that his property and the receipt for it were both lost and the property was not returned. (Am. Compl. at 4.) Plaintiff alleges that the loss of his personal property violates his Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights.

In addition, plaintiff alleges that while at the Nassau County Correctional Center,

---

[2] Plaintiff did not attach a copy of the article to his Complaint or his Amended Complaint. The Newsday Defendants provided a copy as an exhibit to their motion to dismiss, of which the Court takes judicial notice. See Leonard F. v. Israel Disc. Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999). The Court notes that plaintiff appears to incorrectly state the title of the article. The article is actually called "Cops Say Serial Thief's Their Man." (Newsday Def. Ex. 1.)

[3] Courts "may take judicial notice of filings and decisions in cases . . . in . . . other courts." Lefkowitz v. Bank of N.Y., No. 01 Civ. 6252, 2009 U.S. Dist. LEXIS 120168, at *17 n.1 (S.D.N.Y. Dec. 22, 2009); see also World Wrestling Entm't, Inc. v. Jakks Pac., Inc., 425 F. Supp. 2d 484, 508 n.16 (S.D.N.Y. 2006) ("Federal courts may also take notice of proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue.") (quoting Green v. Warden, U.S. Penitentiary, 699 F.2d 364, 369 (7th Cir. 1983)).

awaiting transfer to prison, plaintiff suffered a seizure on February 28, 2009 and was taken to the Nassau County Medical Center, where he remained until March 1, 2009. (Am. Compl. at 4.) Upon returning to Nassau County Correctional Center, plaintiff was advised that his personal property that had been stored during his stay at Nassau County Medical Center could not be located. (Am. Compl. at 4.) Plaintiff was directed to file a grievance regarding his missing personal property. (Am. Compl. at 4-5.) It is unclear whether plaintiff filed a grievance.

Both the County Defendants and the Newsday Defendants now move to dismiss plaintiff's Amended Complaint as alleged against them on the grounds that plaintiff has failed to state a claim upon which relief may be granted. Specifically, the County Defendants assert that plaintiff: (1) fails to allege the personal involvement of either Defendant Cote or Defendant Rice in any of the alleged constitutional violations; (2) has not alleged that the deprivation of his personal property while detained at the Nassau County Correctional Center was intentional; and (3) failed to file a notice of claim with respect to any state law claims alleged against the County Defendants prior to commencing litigation. The Newsday Defendants assert that (1) plaintiff's defamation claim fails as a matter of law because nothing contained in the Newsday article concerning plaintiff was false and (2) the Newsday Defendants cannot be liable for plaintiff's alleged constitutional violations because they are private actors.

D<span>ISCUSSION</span>

I.   Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __

U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility" is achieved when the "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). As a general rule, the court is required to accept as true all of the allegations contained in the complaint. See Iqbal, 129 S. Ct. at 1949; Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007).

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1949-50 (citation omitted); see also Twombly, 555 U.S. at 555 (stating that the Court is "not bound to accept as true a legal conclusion couched as a factual allegation"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," which state a claim for relief. Iqbal, 129 S. Ct. at 1950. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 555 U.S. at 557). Although Rule 8 of the Federal Rules of Civil Procedure "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 129 S. Ct. at 1950. Rather, only a complaint that "states a plausible claim for relief" will survive a motion to dismiss. Id.

It is well-settled that the pleadings of pro se plaintiffs must be "liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (stating that courts must interpret pleadings submitted by pro se plaintiffs "to raise the strongest arguments that they suggest"). Accordingly, the Court is

required to afford the pro se plaintiff leniency, holding his complaint to "less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

II.     The County Defendants' Motion

Plaintiff's Amended Complaint appears to assert the following claims against the County Defendants: (1) a violation of his constitutional rights, pursuant to 42 U.S.C. § 1983 and (2) a violation of his due process rights with respect to his personal property that was lost during his detention at the Nassau County Correctional Center.

    A.      Section 1983

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Coughlin, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991) and collecting cases). "Liability may not be premised on the respondeat superior or vicarious liability doctrine . . . nor may a defendant be liable merely by his connection to the events through links in the chain of command." Prince v. Edwards, No. 99-8650, 2000 U.S. Dist. LEXIS 6608, at *19 (S.D.N.Y. May 17, 2000); Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985) (finding that a plaintiff's claim for monetary damages requires "a showing of more than the linkage in the . . . chain of command" and that "the doctrine of respondeat superior does not apply"). In addition, " a defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because he held a high position of authority." Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996) (citing cases).

Plaintiff's Amended Complaint is completely devoid of any factual allegations concerning the personal involvement of either of the County Defendants in the alleged violations of plaintiff's constitutional rights. The only reference in the Amended Complaint to Defendant Cote - who appears to be a Nassau County Detective - is that he, along with a Garden City detective, Defendant Doyle, allegedly advised plaintiff that if he did not cooperate, they would "clean their books" with plaintiff. (Am. Compl. at 2.) Defendant Cote is not mentioned anywhere else in the Amended Complaint. Nor is he alleged to have taken part in the alleged assault on plaintiff during his detainment at the Garden City Police Department.

To state a claim for damages under Section 1983, plaintiff is required to "state facts which warrant an inference that a constitutional right was violated, and indicate that the [defendant] was personally involved in the deprivation of that right." Sylla v. City of New York, No. 04-cv-5692, 2005 U.S. Dist. LEXIS 31817, at *6 (E.D.N.Y. Dec. 8, 2005). The Amended Complaint wholly fails to comply with this standard with respect to Defendant Cote. There is nothing alleged from which the Court could infer that Defendant Cote personally violated plaintiff's constitutional rights in any way. Accordingly, the Section 1983 claim against Defendant Cote should be dismissed.

The same result is warranted with respect to the District Attorney of Nassau County, Defendant Rice. The only allegation in the Amended Complaint with respect to Defendant Rice is that the Garden City police defendants contacted Defendant Rice's office and receive the "go-ahead" to cooperate with Newsday regarding the publication of the article concerning plaintiff. (Am. Compl. at 2). Plaintiff's affidavit in opposition to the within motions to dismiss also asserts that Defendant Rice "was aware of what transpired at [the Garden City] stationhouse . . .

which makes [her] liable as [a] prosecutor[]."[4] (Pl. Aff. in Opp'n 7.) Such allegations in no way implicate Defendant Rice in any alleged constitutional violation and are wholly insufficient to state a claim pursuant to Section 1983.

Based on the foregoing, I recommend that the County Defendants' motion to dismiss the Section 1983 claims alleged against Detective Cote and District Attorney Rice be dismissed, with prejudice.

B.    Deprivation of Personal Property

Plaintiff alleges that the County Defendants violated his due process rights when his personal property was lost during his detainment at the Nassau County Correctional Center. However, the Supreme Court has held that the "Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property." Daniels v. Williams, 474 U.S. 327, 328 (1986) (emphasis omitted). Accordingly, "[w]here a government official's act causing injury to life, liberty or property is merely negligent, 'no procedure for compensation is constitutionally required.'" Id. at 333 (quoting Parratt v. Taylor, 451 U.S. 527, 548 (1981) (Powell, J. concurring)). According to the Supreme Court, "mere negligence [can] not '[work] a deprivation in the constitutional sense.'" Daniels, 474 U.S. at 330 (quoting Parratt, 451 U.S. at 548 (Powell, J. concurring)) (emphasis omitted) (second alteration in original). "Not only does the word 'deprive' in the Due Process Clause connote more than a negligent act, but we should not 'open the federal courts to lawsuits where there has been no

---

[4] Courts may consider materials filed beyond the pleadings, such as an opposition memorandum, when ruling on a motion to dismiss a pro se complaint. See Gadson v. Goord, No. 96 Civ. 7544, 1997 WL 714878, at *1 n.2 (S.D.N.Y. Nov. 17, 1997) (stating that "the mandate to read the papers of pro se litigants generously makes it appropriate to consider plaintiff's additional materials, such as his opposition memorandum") (citing cases).

affirmative abuse of power.'" Daniels, 474 U.S. at 330 (quoting Parratt, 451 U.S. at 548-49 (Powell, J. concurring).

The Amended Complaint does not contain any allegations from which the Court could infer that the County Defendants intentionally deprived plaintiff of his personal property while he was detained at the Nassau County Correctional Center. Rather, plaintiff merely pleads negligence on the part of the County Defendants, which, as set forth above, is not actionable.

Accordingly, I recommend that plaintiff's due process claims against the County Defendants for the deprivation of his personal property while detained at the Nassau County Correctional Center be dismissed, without prejudice to renewal in a Second Amended Complaint.[5]

C.  State Law Claims

It is unclear from the Amended Complaint whether plaintiff is alleging any state law claims, including a claim for defamation, against the County Defendants. The County Defendants move to dismiss any such claims. On its face, the facts alleged in the Amended Complaint are wholly insufficient to allow the Court to determine what, if any, state law claims plaintiff is asserting and who they are alleged against. Accordingly, I recommend that plaintiff be given leave to amend his complaint a second time to clarify what, if any, state law claims he is asserting against the County Defendants.

In addition, to the extent that plaintiff seeks to allege state law claims against the County

---

[5] It is unclear from the Amended Complaint whether plaintiff also seeks to hold the County Defendants liable for the loss of his personal property while detained at the Garden City Police Department. To the extent such a claim is pleaded by the plaintiff, it too should be dismissed, without prejudice to renewal, for the same reasons set forth above.

Defendants, as the Amended Complaint now stands, there is no indication of compliance with the notice of claim requirement set forth under Section 50 of the New York General Municipal Law. As a "condition precedent" to commencing a tort action against New York municipalities, or any of their officers, agents, or employees, New York General Municipal Law § 50-e requires plaintiffs to file a notice of claim within ninety days after the claim arises. Chesney v. Valley Stream Union Free Sch. Dist., No. 05 Civ. 5106, 2006 U.S. Dist. LEXIS 68137, at *25 (E.D.N.Y. Sept. 22, 2006). "Notice of claim requirements are generally strictly construed, and failure to comply with the requirements typically results in dismissal due to failure to state a cause of action." Id. at *26 (citing Hardy v. New York City Health and Hosp. Corp., 164 F.3d 789, 793-94 (2d Cir. 1999)).

Plaintiff's Amended Complaint does not contain any indication that he served a notice of claim upon the County Defendants in accordance with General Municipal Law § 50-e. Plaintiff should be granted an opportunity to clarify this defect. Accordingly, to the extent any state law claims are alleged against the County Defendants, they should be dismissed, without prejudice to renewal in a Second Amended Complaint.

Based on the foregoing, I recommend that the County Defendants' motion to dismiss be granted with respect to plaintiff's Section 1983 claims against Detective Cote and District Attorney Rice. I further recommend that plaintiff's due process claim and state law claims - if any - be dismissed, but that plaintiff be afforded the opportunity to replead these claims in a Second Amended Complaint.

II. The Newsday Defendants' Motion

Plaintiff alleges the following claims against the Newsday Defendants: (1) defamation and (2) a violation of his constitutional rights pursuant to Section 1983.

A. Defamation

In order to state a claim for defamation, a plaintiff must show: "(1) that a defamatory statement of fact was made concerning [plaintiff]; (2) that the defendant published that statement to a third party; (3) that the statement was false; (4) that there exists some degree of fault; (5) and that there are special damages or that the statement is defamatory per se." Ello v. Singh, 531 F. Supp. 2d 552, 575 (S.D.N.Y. 2007) (quoting Muzio v. Inc. Vill. of Bayville, No. 99 Civ. 8605, 2006 U.S. Dist. LEXIS 1886, at *24 (E.D.N.Y. Jan. 3, 2006)) (alteration in original).

Plaintiff alleges that the Newsday Defendants defamed him when they published an article concerning his arrest in June 2008, in which they described plaintiff as a "serial thief" and a "career criminal" and detailed his criminal history. (Am. Compl. at 2-3.) Plaintiff asserts that the labels used to describe him in the Newsday article were false because he told the Garden City police officers - prior to the publication of the article - that he would only plead guilty to two of the larcenies for which he was arrested, not the four to which they wanted him to plead guilty. (Pl. Aff. in Opp'n 2.) Plaintiff's arguments are unavailing.

As stated supra, a necessary element of a defamation cause of action is that the allegedly defamatory statement is false. Plaintiff cannot demonstrate this element. As the Newsday defendants point out, plaintiff has a long and varied criminal history. Public records, of which the Court may take judicial notice, see AIG Fin. Prods. Corp. v. Public Util. Dist. No.1, 675 F.

Supp. 2d 354, 364 n.7 (S.D.N.Y. 2009) (stating that "[t]he Court may take judicial notice of public records "), demonstrate that plaintiff has been arrested multiple times in the past and has served prison sentences for burglary in the third degree, forgery in the second degree, possession of stolen property in the second degree, and criminal possession of a weapon in the third degree. See http://nysdocslookup.docs.state.ny.us (last visited May 13, 2010). In addition, while plaintiff appears to dispute how many larcenies he pleaded guilty to in connection with the June 2008 arrest, the fact of the matter is that he did plead guilty to at least two of the crimes with which he was charged. While plaintiff may take offense at the labels placed upon him by the Newsday Defendants, he cannot demonstrate that such descriptions are false.

"Under New York law, it is well-settled that 'truth is an absolute, unqualified defense to a civil defamation action.'" Edward B. Beharry & Co., Ltd. v. Bedessee Imports Inc., No. 09-CV-0077, 2010 U.S. Dist. LEXIS 27404, at *17 (S.D.N.Y. Mar. 23, 2010) (quoting Guccione v. Hustler Magazine, Inc., 800 F.2d 298, 301 (2d Cir. 1986)) (additional citation omitted). Accordingly, plaintiff's defamation claim against the Newsday Defendants fails as a matter of law.

Moreover, pursuant to New York law, "a civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding." Test Masters Educ. Servs., Inc. v. NYP Holdings, Inc., 603 F. Supp.2d 584, 588 (S.D.N.Y. 2009) (quoting N.Y. Civil Rights Law § 74). "New York courts have broadly construed the meaning of an official proceeding as used in [Civil Rights Law] Section 74." Test Masters, 603 F. Supp. 2d at 588 (citation omitted). "The test 'is whether the report concerns actions taken by a person officially empowered to do

so.'" Id. (quoting Freeze Right Refrigeration & Air Conditioning Servs., Inc. v. New York, 475 N.Y.S.2d 383, 388 (1st Dep't 1984)). New York Civil Rights Law Section 74 has been applied to newspaper reports concerning a district attorney's investigation, see, e.g., Baumann v. Newspaper Enter., Inc., 60 N.Y.S.2d 185 (2d Dep't 1946), as well as reports concerning the execution of arrests and/or search warrants. See, e.g., Law Firm of Daniel P. Foster, P.C. v. Turner Broadcasting Sys., Inc., 844 F.2d 955 (2d Cir. 1988) (applying privilege to three CNN broadcasts concerning FBI search of plaintiff's offices); Kramer v. News Syndicate Co., 20 N.Y.S.2d 700 (1st Dep't 1940) (finding privilege applicable where defendant published newspaper article about plaintiff's arrest, setting forth the charges), rev'd on other grounds, 284 N.Y. 557 (1940); Josephs v. News Syndicate Co., 159 N.Y.S.2d 537 (Sup. Ct. 1957) (applying privilege to report of arrest and arraignment); Hornyak v. Hearst Corp., 66 N.Y.S.2d 848 (Sup. Ct. 1946) (applying privilege to report of arrest, charge, commitment, indictment, parole and discharge), aff'd, 71 N.Y.S.2d 713 (1st Dep't 1947).

"For a report to be characterized as 'fair and true' within the meaning of [Section 74], thus immunizing its publisher from a civil suit sounding in libel, it is enough that the substance of the article be substantially accurate." Test Masters, 603 F. Supp. 2d at 589 (quoting Holy Spirit Assoc. for Unification of World Christianity v. New York Times Co., 49 N.Y.2d 63, 67 (1979)). Some liberality is permitted and "the exact words of every proceeding need not be given if the substance is substantially stated." Test Masters, 603 F. Supp. 2d at 589 (quoting Palmieri v. Thomas, 814 N.Y.S.2d 717, 718 (2d Dep't 2006).

Here, the Newsday article concerned a report of plaintiff's arrest for certain larcenies, to which plaintiff eventually pled guilty. Based on the foregoing, this is the type of report to which

Civil Rights Law Section 74 is routinely applied. Moreover, plaintiff's Amended Complaint does not demonstrate how the article was inaccurate in any way. Rather, plaintiff alleges, without any elaboration, that the article impaired his right not to be a witness against himself as well as his right to a fair trial. (Am. Compl. at 3.) The Court finds that the Newsday article is a "fair and true" report of the crimes for which plaintiff was arrested. The Newsday Defendants are therefore immune from liability for defamation under New York Civil Rights Law Section 74.

Based on the foregoing, I recommend that plaintiff's defamation claim as alleged against the Newsday Defendants be dismissed, with prejudice.

B. Section 1983

"[T]he Constitution protects citizens only against intrusion by the Government." Idema v. Wager, 120 F. Supp. 2d 361, 364 (S.D.N.Y. 2000). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." Ciambriello v. County of Nassau, 292 F.3d 307, 323 (2d Cir. 2002). A private party may be found to be acting under color of state law "if they jointly participate or conspire with a state actor to violate an individual's federal rights." Morupurgo v. Inc. Vill. of Sag Harbor, No. CV 07-1149, 2010 U.S. Dist. LEXIS 21109, at *65 (E.D.N.Y. Feb. 17, 2010) (citing Fisk v. Letterman, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005)) (additional citation omitted).

Plaintiff also alleges that the Newsday Defendants violated his constitutional rights by communicating with the Garden City police to obtain information about plaintiff for their article.

(Pl. Aff. in Opp'n 8-9.) According to plaintiff, the Newsday Defendants are "liable as private actors by publishing plaintiff's criminal history." (Pl. Aff. in Opp'n 8-9.) Such allegations are devoid of merit. "[M]erely conclusory allegation[s] that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." Ciambriello, 292 F.3d at 324 (citing Spear v. Town of West Hartford, 954 F.2d 63, 68 (2d Cir. 1992)).

Moreover, "[a]ctions by journalists in publishing a newspaper article do not constitute the requisite 'state action' to support state action claims." Idema, 120 F. Supp. 2d at 371 (citing cases); see also Brown v. Rehnquist, No. 00 CV 7182, 2002 U.S. Dist. LEXIS 27771, at *14 (E.D.N.Y. May 1, 2002) ("A private newspaper does not act under color of state law by publishing newspaper articles."); Rielly v. Barkley, No. 91 CV 4871, 1992 U.S. Dist. LEXIS 19060, at *7 (E.D.N.Y. Dec. 8, 1992) ("Although reporters often interview prosecutors or police officers, newspaper coverage . . . does not ordinarily involve conduct . . . fairly attributable to the state so as to render the newspaper liable under § 1983."); Skinner v. Dwyer, No. 91-CV-238, 1992 U.S. Dist. LEXIS 265995, at * (N.D.N.Y. May 15, 1992) ("A newspaper does not act under color of law when it publishes news received from police or other state officials.").

Based on the foregoing, the Section 1983 claims alleged against the Newsday Defendants should be dismissed, with prejudice. Accordingly, the Newsday Defendants' motion to dismiss should be granted in its entirety and they should be dismissed from this action.

III.   Plaintiff's Request to Add Additional Defendants and Claims

By his opposition to the within motions to dismiss, plaintiff also seeks to amend his complaint a second time to add additional defendants and what plaintiff purports to be another

Newsday article written about him.  "[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss." Kosovich v. Metro Homes, LLC, No. 09 Civ. 6992, 2009 U.S. Dist. LEXIS 121390, at *15 n.6 (S.D.N.Y. Dec. 29, 2009) (quoting O'Brien v. Nat'l Prop. Analysts Partners, 719 F. Supp. 222, 229 (S.D.N.Y. 1989)).  Even if plaintiff were granted permission to amend his complaint again, such amendments would be futile.

Plaintiff seeks to add Assistant District Attorney Eric Phillips to this action, who plaintiff alleges "gave [the Garden City police officers] the 'go-ahead'" to speak with Newsday concerning the article detailing plaintiff's alleged crimes, (Am. Compl. at 2), and who is quoted in the article as stating that the district attorney's office "would take a hard line with this career criminal."  (Newsday Def. Ex. 1.)  Although plaintiff does not specify what claims he seeks to allege against ADA Phillips, the Court assumes, based on plaintiff's assertions, that he seeks to hold ADA Phillips liable for defamation.  Notwithstanding the obvious procedural deficiency with plaintiff's request to amend the complaint a second time, adding ADA Phillips to this action would be futile.  As with the claim for defamation against the Newsday Defendants, plaintiff fails to demonstrate that the statement made by ADA Phillips is false.  Accordingly, plaintiff's request to add ADA Phillips as a defendant should be denied since the claim fails as a matter of law.

With respect to the second Newsday article, plaintiff asserts that when he received the Newsday Defendants' motion to dismiss and saw the article concerning plaintiff attached as an exhibit, discussed supra, he realized that there was another article written about him, which was "contributed to" by Matthew Chayes and Ann Givens, whom plaintiff would also like to add as defendants.  The Court has reviewed Newsday's website and has found only the one article concerning plaintiff, entitled "Cops Say Serial Thief's Their Man," which was submitted by the

Newsday Defendants as an exhibit to their motion to dismiss. This article was written by Jennifer Maloney and Sophia Chang, currently named as defendants herein, and "contributed to" by Matthew Chayes and Ann Givens. (Newsday Def. Ex. 1.) It appears that plaintiff is simply incorrect with respect to the title of the article alleged in his Amended Complaint and that there is only one Newsday article concerning plaintiff. Accordingly, plaintiff's request to amend his complaint again to add a second Newsday article should be denied. In addition, plaintiff's request to add Matthew Chayes and Ann Givens as defendants should be denied as futile for the same reasons that the claims should be dismissed against the current Newsday defendants, discussed supra.

RECOMMENDATION

For the foregoing reasons, I recommend that the Nassau County Defendants' motion to dismiss be granted with respect to the Section 1983 claims alleged against Defendants Cote and Rice, with prejudice. I further recommend that the due process and state law claims, as alleged against Defendants Cote and Rice be dismissed, without prejudice to renewal in a Second Amended Complaint.

I further recommend that the Newsday Defendants' motion to dismiss be granted and that all claims against Newsday LLC, sued incorrectly herein as Long Island Newsday, Jennifer Maloney and Sophia Chang be dismissed in their entirety, with prejudice.

Finally, I recommend that plaintiff's request to add the additional defendants and claims be denied.

OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any written objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Failure to file objections within fourteen (14) days will preclude further appellate review. Thomas v. Arn, 474 U.S. 140, 145 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 299-300 (2d Cir. 1992).

**SO ORDERED:**

Dated: Central Islip, New York
       May 19, 2010

                                                  /s/ E. Thomas Boyle
                                                  E. THOMAS BOYLE
                                                  United States Magistrate Judge