UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 09-CV-2393 (JFB)(ETB)

———————————

WILLIS C. SANDERS,

Plaintiff,

VERSUS

LONG ISLAND NEWSDAY, JENNIFER MALONEY, SOPHIA CHANG, GARDEN CITY
POLICE DEPARTMENT, JAMES BARTKOWSKI, KEVIN M. MADDEN, RAYMOND COTE,
DET. ROTHERMEL, MICHAEL J. DOYLE, KATHLEEN M. RICE, NASSAU COUNTY
SHERIFF'S DEPARTMENT CORRECTION OFFICERS (ANONYMOUS),

Defendants.

———————————

**MEMORANDUM AND ORDER**
August 27, 2010

———————————

JOSEPH F. BIANCO, District Judge:

On May 15, 2009, *pro se* plaintiff Willis C. Sanders (hereinafter "plaintiff" or "Sanders") filed the complaint in this action against defendants Long Island Newsday, Jennifer Maloney, Sophia Chang (collectively "Newsday defendants"), the Garden City Police Department, James Bartkowski, Kevin M. Madden, Raymond Cote, Det. Rothermel, Michael J. Doyle, Kathleen M. Rice, Nassau County Sheriff's Department Correction Officers (anonymous) (collectively "defendants").[1] On October 20, 2009, plaintiff filed an Amended Complaint, alleging constitutional violations and defamation claims against defendants. On November 5, 2009, the County defendants filed a motion to dismiss the claims against them in plaintiff's Amended Complaint under

---

[1] For the purposes of the instant opinion, in accordance with Judge Boyle's Report & Recommendation, the Court refers to defendants Cote and Rice as the "County defendants." The Court also refers to Garden City Police Department, James Bartkowski, Kevin M. Madden, Det. Rothermel, Michael J. Doyle, and Nassau County Sheriff's Department Correction Officers as the "non-moving defendants."

Rule 12(b)(6) of the Federal Rules of Civil Procedure. On November 23, 2009, the Newsday defendants filed a motion to dismiss the claims against them in the Amended Complaint. By Order dated May 4, 2010, this Court referred defendants' motions to the Honorable E. Thomas Boyle, United States Magistrate Judge, for a report and recommendation. Presently before the Court are plaintiff's objections to Magistrate Judge Boyle's May 19, 2010 Report and Recommendation (the "R&R"), in which he recommended that this Court grant defendants' motions to dismiss in their entirety, with leave to re-plead plaintiff's substantive due process claims. For the reasons set forth below, the Court adopts Judge Boyle's recommendation to grant the Newsday defendants' motion to dismiss in its entirety, with prejudice. The Court also adopts Judge Boyle's recommendation to grant the County defendants' motion to dismiss, with leave to re-plead plaintiff's due process claim regarding the alleged deprivation of his due process rights when his personal property was lost during his detention at the Nassau County Correctional Center. However, although Judge Boyle dismissed the other § 1983 claims against the County defendants with prejudice, the Court also grants plaintiff leave to re-plead his other claims against the County defendants. Given the nature of the defect and in light of plaintiff's *pro se* status, the Court grants plaintiff leave to file a Second Amended Complaint to attempt to correct, if possible, the pleading deficiencies identified in the R&R and this Memorandum and Order.

I. PROCEDURAL HISTORY

On May 15, 2009, *pro se* plaintiff filed a complaint in this action against defendants. On October 20, 2009, plaintiff filed an Amended Complaint, alleging constitutional violations and defamation claims against defendants. On November 5, 2009, the County defendants filed a motion to dismiss the Amended Complaint. On November 23, 2009, the Newsday defendants filed a motion to dismiss the Amended Complaint. On December 9, 2009, the non-moving defendants filed a letter stating that they took no position with respect to the motions to dismiss and that they did not intend to file a motion to dismiss. On February 4, 2010, plaintiff filed his opposition. On February 9, 2010, the County defendants and the Newsday defendants filed their replies. By Order dated May 4, 2010, the Court referred the motions to Magistrate Judge E. Thomas Boyle for a report and recommendation.

On May 19, 2010, Magistrate Judge Boyle issued a Report and Recommendation, recommending that the claims against the Newsday defendants be dismissed in entirety. Judge Boyle further recommended that the County defendants' motion to dismiss be granted in entirety but with leave for plaintiff to re-plead his substantive due process claims. The R&R further instructed that any objections to the R&R be submitted within ten (10) days of receipt. (*See* Report and Recommendation dated May 19, 2010, at 18.) As indicated by the docket sheet, a copy of the R&R was mailed to plaintiff by the Court on May 20, 2010 (*see* Docket Entry [78]), and served on plaintiff by defendants on May 28, 2010. On May 27, 2010, plaintiff requested additional time to file his objections and requested permission to file a Second Amended Complaint. Plaintiff filed objections to the R&R with the Court on June 4, 2010. The Court has fully considered all the submissions of the parties. For the reasons set forth below, the Court agrees with Judge Boyle's recommendation, and adopts

2

the R&R in entirety, but grants plaintiff leave to re-plead all his claims against the County defendants.

## II. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). As to portions of a report to which specific written objections are made, the Court reviews such findings *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

The Court has conducted a review of the full record, including, *inter alia*, the Amended Complaint, the parties' respective submissions in connection with the defendants' motions to dismiss, as well as the R&R, the applicable law and plaintiff's objections. Having reviewed *de novo* all the portions of the R&R to which plaintiff specifically objects, and having reviewed the remainder of the R&R for clear error, the Court adopts the R&R's recommendations that the claims in the Amended Complaint against the County defendants and the Newsday defendants should be dismissed for the reasons set forth below, but with leave to re-plead all the claims against the County defendants.

## III. DISCUSSION

### A. Claims Against the County Defendants

#### 1. § 1983 Claims

Here, plaintiff's Amended Complaint asserts that the County defendants violated his constitutional rights. The R&R recommended that the claims against the County defendants be dismissed on the grounds that (1) plaintiff has failed to adequately plead his claims against the individual County defendants, and (2) plaintiff has not stated a claim for denial of substantive due process under § 1983 because he has not pled that the defendants acted intentionally with respect to the denial of his personal property. The Court agrees that dismissal of the claims against the County defendants is warranted because plaintiff has failed to adequately allege that the County defendants are individually liable for their actions, and adopts the R&R's recommendation that these claims be dismissed. However, the Court determines that dismissal without prejudice as to the claims against defendants Cote and Rice is appropriate.

To state a claim for individual liability under § 1983, "a plaintiff must demonstrate a defendant's *personal* involvement in the alleged discrimination in order to establish a claim against such defendant in his individual capacity." *Valenti v. Massapequa Union Free Sch. Dist.*, No. 09-CV-977 (JFB) (MLO), 2010 WL 475203, at *8 (E.D.N.Y. Feb. 5, 2010) (citation omitted) (emphasis in original); *see Iqbal*, 129 S. Ct. at 1948 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Gill v. Mooney*,

3

824 F.2d 192, 196 (2d Cir. 1987) ("Absent some personal involvement by [a defendant] in the allegedly unlawful conduct of his subordinates, he cannot be held liable under section 1983." (citation omitted)); *see also Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995) ("The bare fact that [a defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [a plaintiff's § 1983] claim." (collecting cases)). "[M]ere bald assertions and conclusions of law do not suffice." *Davis v. County of Nassau*, 355 F. Supp. 2d 668, 677 (E.D.N.Y. 2005) (citation and internal quotation omitted).

The County defendants contend that the claims against individual County defendants Cote and Rice should be dismissed because it is not alleged that these two defendants acted in any way to deprive the plaintiff of any constitutionally protected rights. The Court agrees. The only allegations against defendant Cote in the Amended Complaint are that he, along with Detective Doyle, told plaintiff that if plaintiff did not cooperate with them, they would "clean their books" with plaintiff. (Am. Compl. at 2.) Plaintiff also alleges that Detective Doyle and Detective Cote ordered Detectives Barkowski and Madden to contact ADA Eric Philips, who gave them the "go-ahead on the article in Newsday." (*Id.*) The only allegation regarding District Attorney Rice in the Amended Complaint is that "Judge Jaefner order [sic] the District Attorney or Garden City P.D. to return my property . . . ," and that he was later informed that his property was lost. (*Id.* at 6.) Plaintiff also contends, in his opposition to the instant motion, that defendant Rice "was aware of what transpired at [the Garden City] stationhouse . . . which makes [her] liable as [a] prosecutor." (Pl.'s Aff. in Opp. at 7.)

The Court accepts the R&R's recommendation that plaintiff has failed to adequately allege the individual liability of the County defendants. Plaintiff alleges two separate deprivations of property without due process—one that occurred with the property that was collected after his arrest, and another that occurred while he was in prison; however, he does not allege facts that connect the County defendants to those actions.[2] Liberally construed, both claims fall under § 1983. The Magistrate Judge correctly concluded that plaintiff's Amended Complaint lacks any specific allegations of personal involvement as to these two individuals with

---

[2] The Court further notes that, as Magistrate Judge Boyle stated in his Report & Recommendation, with respect to both the County defendants and the non-moving defendants, plaintiff fails to allege that either alleged deprivation of due process was intentional. Plaintiff now alleges in his objections to the R&R that the deprivation of his property was intentional. Although the Court need not consider new allegations raised in objections to an R&R, *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998) (noting that it is within the district court's discretion to refuse to allow supplementation of the record upon its review of a Report & Recommendation); *Bester v. Dixion*, No. 03-cv-1041, 2007 WL 951558, *3 (N.D.N.Y. Mar. 27, 2007) ("Allowing Plaintiff to raise in his objections legal and factual arguments not presented to the Magistrate Judge defeats the very purpose of the report and recommendation procedure . . . ."), the Court grants plaintiff leave to re-plead these claims. It appears that the Magistrate Judge only granted leave to re-plead on one substantive due process claim, and recommended dismissal of the other claims against the County defendants with prejudice, without leave to re-plead. However, in light of plaintiff's *pro se* status and request to file a Second Amended Complaint, the Court believes that it is appropriate to allow plaintiff to re-plead all of these claims.

4

respect to any of the alleged constitutional violations.[3] However, because plaintiff is *pro se* and because these pleading defects could potentially be remedied if plaintiff included additional allegations, the Court grants plaintiff leave to re-plead with respect to his claims against these defendants.

---

[3] In his Amended Complaint, his opposition papers, and his objections to the R&R, plaintiff raises a host of alleged constitutional violations relating to his prosecution. To the extent that plaintiff raises claims regarding his conviction—specifically that he was denied the effective assistance of counsel and that he was denied the right to a fair trial, by the County defendants and the non-moving defendants—such claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *See, e.g.*, *Lane v. Papadimitrious*, No. 6:10-CV-647 (NAM/ATB), 2010 WL 2803468, at *1 (N.D.N.Y. July 14, 2010) ("Likewise, plaintiff's claim of ineffective assistance of his assigned trial counsel implicates the validity of his conviction and is barred by *Heck*."); *Perez v. Cuomo*, No. 09 Civ. 1109 (SLT), 2009 WL 1046137, at *7 (E.D.N.Y. Apr. 17, 2009) ("A § 1983 claim for the violation of the due process right to a fair trial is, in essence, a claim for damages attributable to an unconstitutional conviction . . . . Since plaintiff's conviction remains valid, plaintiff's claim for violation of his right to a fair trial is not cognizable under § 1983, and must be dismissed as to all defendants[.]" (internal quotation marks and citations omitted)); *Jean-Laurent v. Hennessy*, No. 05-CV-1155 (JFB)(LB), 2008 WL 3049875, at *4 (E.D.N.Y. Aug. 1, 2008) ("[T]o determine whether plaintiff's guilty plea was entered involuntarily as a result of ineffective assistance of trial counsel would squarely violate the rule in *Heck*, as such an inquiry would necessarily require this Court to call plaintiff's conviction into question."); *cf. Jovanovic v. City of N.Y.*, No. 04 Civ. 8437, 2006 WL 2411541, at *12 (S.D.N.Y. Aug. 17, 2006) (applying *Heck* to a § 1983 claim for denial of the right to a fair trial in the context of a statute of limitations issue).

### 2. State Law Claims

The Court adopts the R&R's determination that, to the extent that plaintiff raises any state law claims, including a claim for defamation, against the County defendants, such claims should be dismissed with leave to re-plead. The Court also agrees that plaintiff has failed to demonstrate compliance with New York General Municipal Law § 50-e, which requires that plaintiffs file a notice of claim within ninety days after a tort claim against any New York municipality, its officers, agents, or employees, arises.[4] The Court agrees that plaintiff's claims should be dismissed with leave to amend the complaint to clarify which, if any, state law claims plaintiff is asserting.

### B. Claims Against the Newsday Defendants

### 1. § 1983 Claim

The Newsday defendants argue that, as private persons and private entities, they are not subject to suit under § 1983. Judge Boyle concluded that plaintiff fails to allege any facts that would demonstrate that the Newsday defendants were state actors. The Court agrees.

To prevail on a claim under § 1983, a

---

[4] Plaintiff seems to acknowledge in his objections to the R&R that he did not file notices of claim regarding any tort claims against the County defendants or non-moving defendants, and that the statutory time limit in which to file a notice of claim under New York General Municipal Law § 50 has expired. (Pl.'s Objections at 2.) However, to the extent plaintiff contends that there exist any circumstances that might warrant tolling the statutory time limits, plaintiff may plead those circumstances in his Second Amended Complaint.

5

plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws; (2) by a person acting under the color of state law. 42 U.S.C. § 1983.[5] A private actor may be considered to be acting under the color of state law for purposes of § 1983 if the private actor was "'a willful participant in joint activity with the State or its agents.'" *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). This potential liability also applies to a private party who "conspires with a state official to violate the plaintiff's constitutional rights . . . ." *Fisk v. Letterman*, 401 F. Supp. 2d 362, 378 (S.D.N.Y. 2005) (report and recommendation), *adopted in relevant part by Fisk v. Letterman*, 401 F. Supp. 2d 362 (S.D.N.Y. 2005)) (citations and quotations omitted). Thus, if the plaintiff has sufficiently pled the existence of joint activity by state actors and the Newsday defendants or sufficiently alleged that there was a conspiracy between the Newsday defendants and state actors under § 1983, he will have sufficiently alleged state action by the Newsday defendants.

---

[5] Specifically, § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

Magistrate Judge Boyle correctly concluded that the allegations with respect to the Newsday defendants cannot survive a motion to dismiss. The only claim suggesting contact between Newsday and the police officers named in the Amended Complaint is the allegation that the Newsday defendants published the story when they received the "go ahead" from the police on the article in Newsday entitled "Serial Thief Suspect Arrested in Garden City Crimes." (Am. Compl. at 2.) In his opposition to Newsday's motion to dismiss, plaintiff further argues that Newsday conspired with the defendants, who were state actors, and received information about him from the police. Plaintiff contends that the Newsday defendants became liable by publishing plaintiff's criminal history. (Pl.'s Opp. at 9-10.) However, "[c]ommunications between a private and a state actor, without facts supporting a concerted effort or plan between the parties, are insufficient to make the private party a state actor." *Fisk*, 401 F. Supp. 2d at 377. Indeed, vague and conclusory allegations that defendants have engaged in a conspiracy must be dismissed. *See Ciambriello*, 292 F.3d at 325 (dismissing conspiracy allegations where they were found "strictly conclusory"); *see also Robbins v. Cloutier*, 121 F. App'x 423, 425 (2d Cir. 2005) (dismissing a § 1983 conspiracy claim as insufficient where plaintiff merely alleged that defendants "acted in a concerted effort" to agree not to hire plaintiff and to inform others not to hire plaintiff). "A plaintiff is not required to list the place and date of defendants['] meetings and the summary of their conversations when he pleads conspiracy, but the pleadings must present facts tending to show agreement and concerted action." *Fisk*, 401 F. Supp. 2d at 376 (internal citations and quotations omitted).

6

Here, plaintiff has failed to plead facts tending to show agreement and concerted action between the Newsday defendants and the County defendants or the non-moving defendants. The Court agrees with Judge Boyle's analysis on this issue. Judge Boyle correctly concluded that it is well settled under the law that actions by journalists in publishing a newspaper article, even if those actions include interviewing prosecutors or police officers, do not constitute state action as required to support a § 1983 claim. Accordingly, the Court adopts Judge Boyle's R&R with respect to this claim, and dismisses plaintiff's § 1983 claims against the Newsday defendants, with prejudice.

### 2. Defamation Claims[6]

The Court agrees with the R & R that plaintiff has not set forth a viable defamation claim against the Newsday defendants. Plaintiff's objections to the R & R merely re-raise the same arguments that he makes in his Amended Complaint and in his opposition—specifically, that the characterization of plaintiff as a "serial thief" was defamatory. However, as Judge Boyle's well-reasoned and thorough R&R notes, plaintiff cannot demonstrate that the allegedly defamatory statement is false. Public records indicate that he has been arrested multiple times in the past and has served prison sentences for at least four different crimes. Thus, the Court adopts the R&R with respect to plaintiff's defamation claim against the Newsday defendants. Thus, the Court dismisses plaintiff's defamation claims against the Newsday defendants.

### C. Leave to Amend

As noted above, the Court grants plaintiff leave to amend his claims against the County defendants. However, plaintiff's claims against the Newsday defendants are dismissed with prejudice.[7]

Plaintiff also requests permission to assert claims against additional defendants in his Amended Complaint. The R&R recommended that plaintiff's request to add Matthew Chayes and Ann Givens be denied. In his objections, plaintiff argues that Chayes and Givens should be added as defendants because "under Rule 20, their [cooperation] makes them potential defendants." (Pl.'s Objections at 1.) The Court adopts the R&R's recommendation with respect to these defendants. Specifically, the Court agrees that any attempt to add Chayes and Givens as defendants to this action, merely because they "contributed to" the alleged article(s) regarding plaintiff that appeared in Newsday, would be futile because the Court has dismissed all claims against the Newsday defendants. Accordingly, leave to amend the

---

[6] Because plaintiff's defamation claims against the Newsday defendants are intertwined with his federal claims, the Court, in its discretion, exercises supplemental jurisdiction over the defamation claims against the Newsday defendants.

[7] The Court has considered whether to grant plaintiff leave to re-plead the federal claims against Newsday. As a threshold matter, no leave to re-plead was requested. In any event, it is abundantly clear from plaintiff's complaint and opposition to the motion that he possesses no additional allegations regarding Newsday that would support a plausible § 1983 claim against the Newsday defendants. Therefore, any attempt to re-plead would be futile, and Judge Boyle correctly concluded that the claims against the Newsday defendants should be dismissed with prejudice.

7

complaint to add Chayes and Givens as defendants is denied.

Plaintiff also seeks to add Assistant District Attorney Eric Philips to this action, because he allegedly gave Garden City police officers the "go ahead" to speak with Newsday regarding the article that plaintiff alleges is defamatory. The Court agrees with the R&R that any attempt to plead a claim of defamation against ADA Philips would be futile based on the Court's dismissal of plaintiff's defamation claims.

### IV. CONCLUSION

For the foregoing reasons, the Court adopts the R&R with the exception of the denial of an opportunity to re-plead the claims against the County defendants. Thus, the Amended Complaint is dismissed with prejudice as to the Newsday defendants and dismissed without prejudice as to the County defendants. Plaintiff is granted leave to file a Second Amended Complaint to address the pleading defects identified by the Court in the R&R and this Memorandum and Order. Plaintiff is granted leave to re-plead those claims by filing a Second Amended Complaint within thirty (30) days of the date of this Memorandum and Order.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: August 27, 2010
Central Islip, New York

\* \* \*

Plaintiff is proceeding *pro se*. The attorney for the Newsday defendants is Cameron A. Stracher, Esq., 57 Worth Street, New York, NY 10013. The County defendants are represented by Matthew Brian Weinick of Leeds Morelli & Brown, P.C., One Old Country Road, Suite 347, Carle Place, NY 11514[8] and Diane C. Petillo, Office of the Nassau County Attorney, One West Street, Mineola, NY 11501. The non-moving defendants are represented by Cynthia Ann Augello of Cullen and Dykman LLP, 100 Quentin Roosevelt Boulevard, Garden City, NY 11530.

---

[8] Mr. Weinick has since withdrawn from representation of the County defendants, but his name appears on the brief.

8